Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
**KAPLAN FOX & KILSHEIMER LLP**
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

*Attorneys for Plaintiff Innovative Design Build, Inc.*
*and the Proposed Class*

[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| INNOVATIVE DESIGN BUILD, INC. Individually and on Behalf of Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BUILDZOOM, INC., <br><br> Defendant. | Case No.: 3:18-cv-01330 <br><br> **CLASS ACTION** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF** <br><br> 1. Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125 (Trademark Infringement and False Designation of Origin) <br> 2. Common Law Trademark Infringement <br> 3. Contributory Trademark Infringement <br> 4. Vicarious Trademark Infringement <br> 5. Violation of California Business & Professions Code §§ 17200, *et seq.* (Unfair Competition) <br> 6. Quasi-Contract (Unjust Enrichment and Restitution) <br> 7. Declaratory Relief, 28 U.S.C. § 2201 <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Innovative Design Build, Inc. ("Plaintiff") on behalf of itself and all others similarly situated, brings this action against BuildZoom, Inc. ("BuildZoom" or "Defendant") based upon personal knowledge of the facts pertaining to itself, the investigation of counsel, and upon information and belief as to all other matters, and hereby alleges as follows:

## NATURE OF THE CASE

1.      This is a national class action for trademark infringement and unfair competition, seeking injunctive relief, restitution, and other damages arising from BuildZoom 's unlawful and deceptive use of more than 3 million businesses' trademarks throughout the county.

2.      Defendant, San Francisco-based BuildZoom, owns and operates the website "www.buildzoom.com" to assist homeowners with finding licensed contractors for home remodeling and construction projects.

3.      Some of the Defendant's business is legitimate.  The website has assembled a database of more than 125 million building permits and 3.5 million licensed contractors, compiling profiles from public data on licensed contractors taken from sources such as state licensing boards and Better Business Bureau ratings, as well as customer reviews.  Homeowners can search the millions of profiles, read customer reviews, and see Defendant's proprietary ratings and rankings.  BuildZoom claims that 24 million customers have used its service.

4.      Furthermore, customers can ask to be connected to a contractor in the customer's area based on the remodeling or construction project needed.  BuildZoom will refer the customer to one or more local contractors (a "Preferred Contractor"), and charge a referral fee if the customer hires the Preferred Contractor.

5.      But BuildZoom's business also has a dark side.  Only a small percentage of the 3.5 million profiles are BuildZoom Preferred Contractors.  If a customer searches for contractors in a particular location, and then seeks to contact one of the many listed non-Preferred Contractors, Defendant will only connect the customer to a Preferred Contractor—and only after leveraging the non-Preferred Contractor's trademark and reputation to obtain the customer's valuable personal information and project details for passing off to its Preferred Contractor.

6.      Worse, if a customer searches for a specific contractor **by trade name** (and if that contractor is not a Preferred Contractor), the Defendant displays a purposefully deceptive interface, offering to put the customer in touch with the desired contractor and again obtaining valuable personal information and details about the construction project, only to secretly funnel the information to one or more Preferred Contractors to solicit the customer.  The business whose trade name is unlawfully misappropriated is never informed of the deception.  It is textbook trademark infringement.

7.      Defendant's conduct violates Section 43(a) of the Lanham Act (15 U.S.C. § 1125), California Business and Professions Code §§ 17200 *et seq*., and constitutes common law trademark infringement, contributory and vicarious trademark infringement, and unjust enrichment.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over Plaintiff's Lanham Act claim pursuant to 28 U.S.C. § 1331.

9.      This Court has supplemental jurisdiction over the claims that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10.      This Court also has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

11.      This Court has personal jurisdiction over Defendant because it is a citizen of the State of California with its principal executive office in San Francisco.

12.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendant's principal executive office is located in this District and because the actions and unfair practices described in this Complaint were conducted in and orchestrated from this District by Defendant.

**INTRA-DISTRICT ASSIGNMENT**

13.     Assignment is proper to the San Francisco Division of this District under Civil Local Rule 3-2(c)-(e), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in San Francisco County, where Defendant BuildZoom maintains its principal place of business.

**PARTIES**

14.     Plaintiff Innovative Design Build, Inc. is a corporation organized under the laws of the State of Florida, with its principal place of business at 1648 Bel-Air Avenue, Lauderdale by the Sea, Florida 33062. Plaintiff, founded in 2008, is a Certified General Contractor in Florida, License number CGC 1514991, specializing in custom renovations, remodels, and additions to area residences, as well as community and commercial buildings. Plaintiff holds a valid trademark and uses it in commerce.

15.     Defendant BuildZoom, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 301 Howard Street, San Francisco, California. BuildZoom operates an online website platform for homeowners looking to find contractors and builders for remodeling and construction services in the United States.

**FACTUAL ALLEGATIONS**

16.     Plaintiff and Class Members are contractors with service businesses throughout the United States. Since at least 2008, Plaintiff has used the trade name and trademark INNOVATIVE DESIGN BUILD INC. in connection with contracting work in Florida's Broward County and the surrounding areas. Plaintiff maintains a website at http://www.innovativedesignbuildinc.com/ where it markets its services, portfolio, and recent project successes.

17.     Based on its long use in the state of Florida, Plaintiff has acquired rights in its trade name and trademark INNOVATIVE DESIGN BUILD ("Plaintiff's Mark" or "Mark").

18.     Plaintiffs and the Class members own their names and marks.

19.     Plaintiff used its Mark in commerce long before the acts of BuildZoom complained of herein.

20.     As a result of Plaintiff's longstanding use and promotional efforts, Plaintiff's Mark for years has been and continues to be a distinctive mark that symbolizes substantial goodwill. Plaintiff's Mark is well-known as a symbol identifying and distinguishing Innovative Design Build's craftsmanship

and reputation.

21.    Plaintiff and Class members are not partners of Defendant's website or otherwise affiliated with Defendant.  Plaintiff and Class members have not consented to the Defendant's use of their names, marks, or any information concerning their services or bookings.

22.    BuildZoom is infringing Plaintiff's and Class members' trademarks by substituting competing Preferred Contractors when consumers explicitly request to contact Plaintiffs and Class members by trade name on Defendant's website, www.buildzoom.com.

23.    Defendant BuildZoom operates an online website platform located at http://www.buildzoom.com for Internet users looking to find contractors and builders for remodeling and construction services in the United States.

24.    Buildzoom.com is available throughout the United States and used by Internet users nationwide.

25.    As BuildZoom's website states, its goal is to help consumers "[f]ind a contractor you can trust, for free":



CLASS ACTION COMPLAINT                                                           Case No. 3:18-cv-01330

26.     While use of the database provided by Defendant is free for consumers and homeowners, BuildZoom monetizes its database through a referral service of paying contractors.  Specifically, each contractor in the BuildZoom network ("Preferred Contractors") agrees to pay 2.5% of any contract received through BuildZoom's referral:



27.     Defendant derives significant revenue from individuals and companies who pay for project referrals.

28.     Defendant advertises that its database contains data on 125 million building permits and 3.5 million licensed contractors across the United States—in fact, BuildZoom claims to have a profile on "every licensed contractor"—and has served 24 million customers:



CLASS ACTION COMPLAINT                                          Case No. 3:18-cv-01330

29.     Users can browse BuildZoom's database, drilling down into categorized contractor profiles that make use of government data from state licensing boards, Better Business Bureau ratings and more, as well as customer reviews.  Consumers can visit Defendant's website to find out whether a contractor is licensed, what class of license they have, the year they were licensed, whether their license has ever been suspended or there's been a lawsuit filed against them, whether they are bonded or insured, and more depending on a given state's requirements.

30.     Defendant's website contains a search box feature whereby users can "Browse Contractors" by entering search terms and location information.  Users enter search queries and receive listings of contractors relating to that query:



31.     Users can use Defendant's search feature to search by "Services"—such as General Contractors, Architects, Carpenters, Concrete Contractors, and more—which yields a list of BuildZoom-created contractor profiles that match the selected criteria, or if the user is seeking information on a specific contractor, the user can type in the trademark or trade name of that contractor which yields that contractor's profile directly.  BuildZoom also has a search function for the location where the user wishes a contractor to be located.

1    32.    The results generated by Defendant's search system depend, at least in part, on search

2    queries.  Defendant's search feature allows for the free entry of text; individual words may be searched

3    in addition to strings of text.

4    33.    Users may search generic terms, such as "contractors," and receive results consisting of

5    all manner of contractors.

6    34.    Users may also search for specific contractors by their trade name.

7    35.    As users begin to type search queries into the text boxes—such as the trade name of a

8    contractor of interest—BuildZoom provides suggested searches:



20    36.    Upon selecting a specific contractor, either after choosing one from a list yielded from a

21    search or having entered the trade name of contractor from the start, BuildZoom takes users to that

22    contractor's profile page.  A contractor's profile page includes information such as a summary of the

23    business, an analysis provided by BuildZoom and a "BZ Score," a summary of the contractor's work

24    history and building permits, customer reviews, and other information:

25

26

27

28

7

1

2

3

4

5

6

7

8

9

10

11



12  37.    At the top of every contractor profile page directly beneath the contractor's trade name in

13  blue capital letters contains a hyperlink titled "CONTACT US" (see image above with superimposed red

14  rectangle).    Clicking  on  the  link  brings  up  the  following  page  telling  users  to  "Get  in  touch  with

15  **Innovative Design Build Inc**" and asking, "What do you need help with?":

16

17

18

19

20

21

22

23

24

25

26



27

28

8

38.    Following through the steps, a user is prompted to provide the following valuable personal and project-specific information:

      a.    what type of job she needs assistance with

      b.    when would she like the project to commence

      c.    what type of property is being worked on

      d.    "the best email address for Innovative Design Build Inc to reach you"

      e.    "the best phone number for Innovative Design Build Inc to reach you"

      f.    user's name

      g.    address for the property to be worked on

      h.    user's relationship to the property

      i.    user's budget

      j.    whether the user would like competing quotes from other contractors

      k.    brief description of the project

      l.    "set up your account to connect with Innovative Design Build Inc"



1

2

3

4

5

6

7

8

9

10

11



12

13

14

15

16

17

18

19

20

21

22

23   ///

24   ///

25   ///



26

27

28

CLASS ACTION COMPLAINT                                    Case No. 3:18-cv-01330

39.     Upon completing the process, the user is put in touch with a "Project Consultant" who says that "I'll help you get in touch with Innovative Design Build Inc":



40.     **No customer is ever directed to Innovative Design Build Inc.** *Instead, the Defendant purposefully and secretly directs the customer's inquiry to competing Preferred Contractors who have agreed to pay 2.5% to Defendant.*

41.     Consumers visiting Defendant's website have no way of knowing which contractors are Preferred Contractors and which are not.

42.     While Defendant repeatedly makes use of Innovative Design Build's and other Class members' trademarks under the false pretenses of luring potential clients who believe that they will be connected to their selected contractor, in reality BuildZoom is merely funneling these potential clients—with all the information it gathered on what they are seeking—to BuildZoom's Preferred Contractors, many of whom are direct competitors of the contractor whose trademark was misappropriated.

43.     BuildZoom's conduct constitutes an infringement in that it is substituting those Preferred Contractors when users request Innovative Design Build and Class members by trade name.

44.    Defendant BuildZoom, in cooperation competitors of Plaintiff and Class members, uses Plaintiff's and the Class Marks respectively for several improper, deceptive and illegal purposes, including the following:

    a.    Intentionally confusing and diverting potential customers who are actively looking for Plaintiff or a Class member to one or more competitors;

    b.    Taking advantage of and trading upon and receiving the benefits of the goodwill and good reputation associated with Plaintiff's and Class members' marks;

    c.    Giving a competitor's services appeal, credibility, and marketability by association with Plaintiff or a Class member;

    d.    Falsely indicating or implying that a competitor is sponsored, endorsed, affiliated with, or approved by Plaintiff or a Class member;

    e.    Falsely indicating or implying that a competitor's services are as good as, or a credible substitute for, those services offered by Plaintiff or a Class member;

    f.    Hijacking Plaintiff's Mark or a Class member's mark by diverting the goodwill associated with any such trademark to Defendant BuildZoom for its own benefit and the benefit of others, without authorization or compensation to Plaintiff or Class members.

45.    BuildZoom's use of Plaintiff's Mark and Class members' marks via its website and proprietary database does the following:

    a.    Causes confusion in the marketplace that a competitor's services are affiliated with or otherwise approved or "sponsored" by Plaintiff or a Class member;

    b.    Allows BuildZoom and competitors of Plaintiff and Class members to financially benefit from and to trade off the goodwill of Plaintiff and the Class members.

46.    When an Internet user searching on BuildZoom's website for Plaintiff's Mark or a Class member's mark and is instead presented with or contacted by a competitor, the user may believe that the competitor contractors are related to, or sponsored by, Plaintiff or a Class member.  Even if the user ultimately realizes that the contractor that they have been presented with or contacted by is not Plaintiff or a Class member, the damage to Plaintiff or such Class member has been done.  An Internet user may associate the quality of services offered by such competitors with those offered by Plaintiff or such Class member, and if dissatisfied with such services, may ascribe such bad feelings to Plaintiff or Class member, thereby causing loss of goodwill, or may discontinue their search for such services entirely.  Defendant profits from such infringement because it gets paid for each referral it makes that culminates in a contract

for one of its Preferred Contractors.

47.    Defendant BuildZoom has used Plaintiff's Mark and Class members' marks as lures, and profited thereby, with full intent and awareness of claims that such practice violates trademark laws.

48.    BuildZoom's own Terms of Service acknowledges its knowledge of trademark law, stating as follows:

**Copyright Complaints**
***BuildZoom respects the intellectual property of others***, and we ask our users to do the same. If you believe that your work has been copied in a way that constitutes copyright infringement, or that your intellectual property rights have been otherwise violated, you should notify BuildZoom of your infringement claim in accordance with the procedure set forth below.

BuildZoom will process and investigate notices of alleged infringement and will take appropriate actions under the Digital Millennium Copyright Act ("DMCA") and other applicable intellectual property laws with respect to any alleged or actual infringement. A notification of claimed copyright infringement should be emailed to BuildZoom's Copyright Agent at support@buildzoom.com (Subject line: "DMCA Takedown Request").

\*         \*         \*

BUILDZOOM is a registered trademark of BuildZoom. Certain content available through and used to operate the Service is protected by copyright, trademark, patent, or other proprietary rights of BuildZoom. **You shall not (i) use any of the trademarks, service marks, logos or other content accessible through the Service other than as set forth herein or as approved by BuildZoom**; or (ii) modify, alter, or deface any of the trademarks, service marks, or other intellectual property made available by BuildZoom in connection with the Service. All rights not expressly granted to you herein are reserved by BuildZoom.

49.    BuildZoom's action are deliberate, willful, and with full knowledge of the requirements of trademark law and were taken for the purpose of its own profit by means of using Plaintiff's and Class members' protected trademarks, and exploiting, trading upon, and diverting the benefit of the goodwill associated with Plaintiff and the Class without permission or compensation.  This constitutes a willful violation of Plaintiff's and Class members' trademark rights.

50.    Internet users who search for Plaintiff and Class members by using Plaintiff's Mark and Class members' marks as a search term, and request to contact these parties, are manipulated into believing that the competitor contractors who are presented instead are related to Plaintiff and the Class members by their presentment by BuildZoom.    Nothing communicates to a user that such

recommendations have no relationship whatsoever to Plaintiff and the Class members but are in fact competitors to Plaintiffs and Class members. Thus, BuildZoom has intentionally developed a practice and policy that results in confusion as to whether the recommended contractors are sponsored or affiliated with the trademark holders for the purpose of causing Internet users to hire preferred contractors so BuildZoom can collect commissions.

51. Due to the infringing acts detailed above, consumers have mistakenly hired contractors competitive with Plaintiff and the Class. BuildZoom knowingly and intentionally misled consumers by its false representations that it was contacting Plaintiff and the Class.

52. Defendant's unlawful acts, unless restrained, are likely to continue causing irreparable harm to Plaintiff and the Class. Plaintiff and the Class have no adequate remedy at law because injury to reputation and goodwill cannot be quantified, and such injury cannot be compensated by monetary amounts.

53. Defendant's advertisements and website design are false and misleading, and omitted material facts necessary to make them not misleading because they stated or implied that Defendant or its Preferred Contractors have an affiliation with Plaintiff and Class members and that Defendant would contact Plaintiff and Class members on behalf of consumers.

54. In truth, at all relevant time, Defendant had no affiliation with Plaintiff and Class members.

55. Defendant's website funneled consumers away from legitimate websites that could refer business to Plaintiff and Class members and lured consumers to Preferred Contractors.

## CLASS ACTION ALLEGATIONS

56. Plaintiff brings this action on behalf of itself and others similarly situated, as members of a class (the "Class") preliminarily proposed be defined as follows:

> Any and all individuals and/or entities that are licensed contractors in the United States who own valid trademarks, who use such trademarks in commerce, and who are not BuildZoom Preferred Contractors.

Excluded from the proposed class are Defendant; any entity in which Defendant has or had a controlling interest; any of Defendant's officers, directors, legal representatives, heirs, successors, and assigns; Plaintiff's counsel and anyone employed by Plaintiff's counsel; any Judge assigned to this action and his or her immediate family; governmental entities, and anyone who timely requests exclusion from the class.

14

57.     Each member of the Class owns certain trademark rights (collectively, the "Class Marks").

58.     This action may be maintained on behalf of the class proposed above under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

59.     **Numerosity.**  The class as proposed consists of licensed contractors in the United States. Upon information and belief, the number of proposed Class member exceeds 1 million and are geographically dispersed throughout the country such that individual joinder of the licensed contractors would be impractical.

60.     **Commonality and Predominance.**  Common questions of law and fact exist as to members of the Class and predominate over questions affecting only individual Class members.  These common questions include, but are not limited to, the following:

a.     Whether one or more of Defendant's actions, as alleged herein, violate the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*;

b.     Whether one or more of Defendant's actions, as alleged herein, constitutes trademark infringement under 15 U.S.C. § 1125;

c.     Whether one or more of Defendant's actions, as alleged herein, constitutes false designation of origin or unfair competition under 15 U.S.C. § 1125;

d.     Whether one or more of Defendant's actions, as alleged herein, constitutes contributory or vicarious trademark infringement, false designation of origin, or unfair competition under 15 U.S.C. § 1125;

e.     Whether one or more of Defendant's actions, as alleged herein, constitutes state statutory, and/or common law trademark infringement;

f.     Whether one or more of Defendant's actions, as alleged herein, constitutes contributory, vicarious, state statutory, and/or common law trademark infringement;

g.     Whether one or more of Defendant's actions, as alleged herein, violated California Business & Professions Code §§ 17200, *et seq.*;

h.     Whether Defendant was unjustly enriched as a result of its unlawful conduct, as alleged herein;

i.     Whether any of Defendant's actions are continuing in nature;

j.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief to rectify the alleged violations of law and, if so, what the appropriate nature of the equitable and injunctive relief to which Plaintiff and the Class may be entitled to;

k.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief pursuant to California Business & Professions Code § 17204, and other provisions of federal, state, or common law;

l.     Whether any of Defendant's actions or conduct is willful and/or intentional;

m.     Whether the actions or conduct of Defendant, as alleged herein, caused damages to Plaintiff or to other members of the proposed Class;

n.     Whether Defendant should be ordered to disgorge the profits derived from its actions and conduct; and

o.     The appropriate measure of damages sustained by Plaintiff and other members of the Class.

61.    **Typicality.**  Plaintiff is a member of the proposed Class and its claim is typical of the claims of other members of the Class because it originates from the same illegal policy and practices of Defendant, and because Defendant has acted in the same way toward Plaintiff and the Class. Defendant's operations are Internet-based/automated and technology-based. Defendant's actions toward the Class arise out of a uniform policy and common course of illegal conduct because Defendant effectuates the deceptive trademark practice and all of the actions alleged herein through the implementation of a uniform policy using a common, systematic, uniform, electronic, and largely automated process that causes injury and damage to Plaintiff and the Class in a common and consistent manner.

62.    **Adequacy.**  Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the members of the Class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and its counsel.

CLASS ACTION COMPLAINT                                  Case No. 3:18-cv-01330

63.    **Superiority.**  The class action device is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class members.  Individual litigation of the legal and factual issues raised by the conduct of Defendant would increase delay and expense to all parties and to the court system.  The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.  Given the similar nature of the Class members' claims and the absence of material differences in the state statutes and common laws upon which the Class members' claims are based, a nationwide Class will be easily managed by the Court and the parties.  As such, class treatment will permit a large number of similarly situated persons/entities to prosecute their claims in a single forum simultaneously and without unnecessary duplication and effort that would result from numerous individual actions.

64.    Individual litigation of the facts of thousands of cases would unduly burden the courts.  Individual litigation would further present a potential for inconsistent or contradictory judgements and would increase the delay and expense to all parties and the court system.  By contrast, a class action presents far fewer management difficulties and provides the benefit of single adjudication under the comprehensive supervision of a single court.  Notice of pendency of the action and any resolution thereof can be provided to proposed class members using information contained by Defendant and/or by publication or other means.

65.    This action is maintainable as a class action under Rule 23(b)(2) as the unlawful actions of Defendant, as alleged herein, have been taken on grounds equally applicable to all members of the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

66.    This action is also maintainable as a class action under Rule 23(b)(3) as common questions of law and fact described above predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

67.    All allegations and claims are plead in the alternative to the extent required for proper construction under applicable state or federal law.

**FIRST CAUSE OF ACTION**
**Trademark infringement and False Designation of Origin**
**(Section 43(a) of the Lanham Act, 15 U.S.C. § 1125)**

68. Plaintiff incorporates by reference the foregoing paragraphs.

69. Defendant's use of Plaintiff's Mark to gather information for its Preferred Contractors constitutes a use in commerce.

70. Defendant's use of any Class members' marks to gather information for its Preferred Contractors constitutes a use in commerce.

71. Internet users who search using Plaintiff's Mark as a search term on Defendant's website, and who request to be connected with Plaintiff, have a reasonable expectation that the contractors presented by Defendant are directly related to Plaintiff.

72. Internet users who search using any Class members' marks as a search term on Defendant's website, and who request to be connected with any Class member, have a reasonable expectation that the contractors presented by Defendant are directly related to such Class member.

73. Internet users who are presented with or connected to Preferred Contractors, may become confused or deceived that the contractors, which are Plaintiff's competitors, may be affiliated with, connected to, or approved by Plaintiff.

74. Internet users who are presented with or connected to Preferred Contractors, may become confused or deceived that the contractors, which are Class members' competitors, may be affiliated with, connected to, or approved by such Class member.

75. The presentment of such competing contractors in response to a search by an Internet user using Plaintiff's Mark or Class members' marks and requesting to be contacted by Plaintiff or such Class member constitutes a false designation of origin, affiliation, connection, or association of such competitor with Plaintiff or such Class member, or a false description of origin, sponsorship, or approval of services or activities of such competitor by Plaintiff or such Class member, and a contribution to the false designations by others by enabling, cooperating with, suggesting, and encouraging the use of Plaintiff's Mark or Class members' marks by others.

76. Defendant's use in commerce of Plaintiff's Mark and the Class members' marks, as alleged herein, is likely to cause confusion and deception.

77.     The above-described acts of Defendant constitute trademark infringement of Plaintiff's and Class members' marks and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Plaintiff and the Class to relief.

78.     Defendant has unfairly profited from the actions alleged herein.

79.     By reason of Defendant's acts alleged herein, Plaintiff and the Class have suffered damage to the goodwill associated with their respective marks.

80.     Defendant's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm Plaintiff and the Class and their long-used marks, respectively.

81.     Defendant's activities have irreparably harmed Plaintiff, the Class, and the general public, and if not enjoined will continue to cause irreparable harm.

82.     By reason of Defendant's acts alleged herein, Plaintiff's and the Class's remedy at law is not adequate to compensate them for the injuries inflicted by Defendant.

83.     Accordingly, Plaintiff and the Class are entitled to preliminary injunction and permanent injunctive relief pursuant to 15 U.S.C. § 1116.

84.     By reason of Defendant's willful acts, Plaintiff and the Class are entitled to damages, permanent injunctive relief pursuant to 15 U.S.C. § 1116, and those damages should be trebled under 15 U.S.C. § 1117.

85.     This is an exceptional case making Plaintiff and the Class eligible for an award of reasonable attorneys' fees under 15 U.S.C. § 1117.

86.     Accordingly, Plaintiff and the Class are entitled to monetary damages, legal relief, equitable relief and/or otherwise more fully described in the Prayer for Relief.

**SECOND CAUSE OF ACTION**
**Common Law Trademark Violation**

87.     Plaintiff incorporates by reference the foregoing paragraphs.

88.     Defendant's use of Plaintiff's Mark for the commercial purpose of luring potential customers to its Preferred Contractors and for the purpose of advertising the services of those in competition with Plaintiff, and not for the purpose of referring to Plaintiff and its services, and without the permission of Plaintiff, is an infringement of Plaintiff's common law trademark rights.

89.     Defendant's use of Plaintiff's Mark allows Defendant to freely trade off of and benefit from the goodwill and reputation associated with Plaintiff's name and its Mark without consequent expense to itself, its Preferred Contractors, or compensation to Plaintiff.

90.     Defendant's use of Plaintiff's Mark is deceptive and likely to cause confusion or mistake in the minds of actual and potential customers who search for and request to be connected to Plaintiff on Defendant's database, and is therefore a violation of Plaintiff's common law trademark rights and a contribution to the violation of such rights by others by encouraging, and enabling them to do so.

91.     Defendant's use of the respective Class members' marks for the commercial purpose of luring potential customers to its Preferred Contractors and for the purpose of advertising the services of those in competition with the respective Class members, and not for the purpose of referring to Class members and their respective services, and without the permission of such Class members, is an infringement of the Class members' common law trademark rights.

92.     Defendant's use of the Class Marks allows Defendant to freely trade off of and benefit from the goodwill and reputation associated with the respective Class members' name and the Class Marks without consequent expense to itself, its Preferred Contractors, or compensation to the respective Class members.

93.     Defendant's use of the Class Marks is deceptive and likely to cause confusion or mistake in the minds of actual and potential customers who search for and request to be connected to the respective Class members on Defendant's database, and is therefore a violation of the respective Class members' common law trademark rights and a contribution to the violation of such rights by others by encouraging, and enabling them to do so.

94.     Defendant has unfairly profited from the actions alleged herein.

95.     By reason of Defendant's acts alleged herein, Plaintiff and the Class have suffered damage to the goodwill associated with Plaintiff's and the Class's Marks.

96.     Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm Plaintiff and the Class, and their respective marks.

97.     Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and

deception.

98.    By reason of Defendant's alleged actions herein, Plaintiff's and the Class's remedy at law is not adequate to compensate them for the injuries inflicted by Defendant.

99.    Accordingly, Plaintiff and the Class are entitled to monetary damages, legal relief, equitable relief and/or otherwise more fully described in the Prayer for Relief.

### THIRD CAUSE OF ACTION
### Contributory Trademark Infringement

100.    Plaintiff incorporates by reference the foregoing paragraphs.

101.    Contributory trademark infringement occurs when a defendant either intentionally induces a third party to infringe the person's mark or supplies a service or product to a third party with actual or constructive knowledge that the service or product is being used to infringe the person's mark.

102.    Defendant induces, causes, and/or materially contributes to the deceptive trademark practices and other unlawful conduct alleged herein by Preferred Contractors—competitors of Plaintiff and Class members.

103.    The statements or actions by Defendant directed to promoting and controlling the deceptive trademark practices and other unlawful conduct alleged herein, include, but are not limited to the following:

    a.    Defendant states that "our clients tell us their project need and we send those projects to our network of awesome contractors";

    b.    Defendant creates, designs, maintains, monitors, changes, and otherwise controls who it refers costumers to;

    c.    Defendant generates substantial revenue from referrals to each of its Preferred Contractors;

    d.    Defendant collects referral revenue from its Preferred Contractors;

    e.    Defendant disperses the revenue generated from the deceptive trademark practices with its Preferred Contractors;

    f.    Defendant actively seeks, solicits, and promotes its Preferred Contractors through the deceptive trademark practices; and

    g.    Defendant controls and directs the user traffic from the Preferred Contractors through Defendant's database as alleged herein.

104.     Preferred Contractors participate with Defendant BuildZoom in one or more of the above referenced illegal actions in furtherance of the deceptive trademark practices.

105.     Defendant's actions as alleged herein constitute Contributory Infringement.

106.     Defendant's Contributory Trademark Infringement has directly and proximately injured and damaged and continues to injure and damage Plaintiff and the Class by, among other things, causing Plaintiff and the Class to lose control of their business reputations, causing confusion, diverting customers and sales, and otherwise causing significant commercial loss.

107.     Defendant has unfairly profited from the actions alleged herein.

108.     By reason of Defendant's acts alleged herein, Plaintiff and the Class have suffered damage to the goodwill associated with their respective Marks.

109.     Defendant's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm Plaintiff and the Class, and their respective Marks.

110.     Defendant's activities have irreparably harmed, and if not enjoined, will continue to irreparably harm the general public, which has an interest in being free from confusion, mistake, and deception.

111.     By reason of Defendant's act alleged herein, Plaintiff's and the Class's remedy at law is not adequate to compensate them for the injuries inflicted by Defendant.

112.     Accordingly, Plaintiff and the Class are entitled to monetary damages, legal relief, equitable relief and/or otherwise more fully described in the Prayer for Relief.

## FOURTH CAUSE OF ACTION
### Vicarious Trademark Infringement

113.     Plaintiff incorporates by reference the foregoing paragraphs.

114.     Vicarious infringement occurs when a defendant controls, directs, facilitates, encourages, promotes, allows, enables, or otherwise permits a third party to infringe a mark, and receives the benefit therefrom.

115.     Defendant facilitates, encourages, promotes, allows, enables, and otherwise permits direct infringements, and other illegal conduct alleged herein, in the course of its business.

116.     Defendant maintains the right, power, and ability to control, edit, alter, modify, and

maintain the software and database used to effectuate the infringements in the deceptive trademark practices.

117.    Defendant fails to exercise its policing obligations to the fullest extent, fails to utilize and implement available filtering and directing technologies, and otherwise has engaged in a pattern of direct and intentional misconduct, or willful blindness of its actions related to the deceptive trademark practices, infringing activities, and other unlawful conduct alleged herein.

118.    Defendant controls and participates in the supply of the illegal revenue-generating services, mechanisms, technology, and programs necessary to engage in the deceptive trademark practices, through which the Defendant and Preferred Contractors infringe Plaintiff's and the Class's Marks.

119.    Defendant, on an ongoing basis, knowingly and voluntarily continues to engage in the deceptive trademark practices, infringing activities, and other unlawful conduct alleged herein, in order to obtain revenue and profit, and commercial gain, despite knowledge that its activities are in direct violation of applicable state, federal, and common law.

120.    Defendant has the primary financial interest in the exploitation of Plaintiff's and the Class's Marks.  Defendant is the primary beneficiary of the infringements and illegal conduct alleged herein.

121.    Defendant induces, causes, and/or vicariously engages in the deceptive trademark practices and other unlawful conduct, as alleged more fully herein.

122.    Defendant's actions as alleged herein constitute vicarious infringement.

123.    Defendant's vicarious infringements have directly and proximately injured and damaged and continues to injure and damage Plaintiff and the Class by, among other things, causing Plaintiff and the Class to lose control of their business reputations, causing confusion, diverting customers and sales, and otherwise causing significant commercial loss.

124.    Defendant has unfairly profited from the actions alleged herein.

125.    By reason of Defendant's acts alleged herein, Plaintiff and the Class have suffered damages to the goodwill associated with their respective Marks.

126.    Defendant's activities have irreparably harmed and, if not enjoined, will continue to

irreparably harm Plaintiff and the Class, and their long-used Marks.

127.   Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public, which has an interest on being free from confusion, mistake, and deception.

128.   Accordingly, Plaintiff and the Class are entitled to monetary damages, legal relief, equitable relief, and/or otherwise more fully described in the Prayer for Relief.

## FIFTH CAUSE OF ACTION
### Violation of California's Unfair Competition Law
### (California Business & Professions Code Section 17200, *et seq.*)

129.   Plaintiff incorporates by reference the foregoing paragraphs.

130.   The UCL defines "unfair business competition" to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal. Bus. & Prof. Code § 17200.

131.   The UCL imposes strict liability.  Plaintiff need not prove that BuildZoom intentionally or negligently engaged in unlawful, unfair, or fraudulent business practices—but only that such practices occurred.

132.   Defendant's acts and practices, as alleged herein, constitutes unfair, unlawful, and fraudulent business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

**"Unfair" Prong**

133.   A business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, and that unfairness is determined by weighing the reasons, justifications, and motives of the practice against the gravity of the harm to the alleged victims.

134.   Defendant has engaged and continues to engage in an "unfair" business practice because, as alleged above, it diverts actual and potential customers who search for and request to be connected to Plaintiff or Class members on Defendant's database to Plaintiff's or such Class members' competitors.

135.   There is no legitimate business reason for BuildZoom's business practice such that the utility of its business practice outweighs the harm to contractors.  Furthermore, BuildZoom's business

1  practice undermines this State's fundamental policy against unfair and sharp business practices that are

2  likely to deceive or mislead consumers, and which undercut trust and fair competition in the consumer

3  marketplace.

4  *"Fraudulent" Prong*

5  136.   A business act or practice is "fraudulent" under the UCL if it is likely to deceive members

6  of the consuming public.

7  137.   BuildZoom's acts and practices alleged above constitute fraudulent business acts or

8  practices as it diverts actual and potential customers who search for and request to be connected to

9  Plaintiff or Class members on Defendant's database to Plaintiff's or such Class members' competitors.

10  *"Unlawful" Prong*

11  138.   A business act or practice is "unlawful" under the UCL if it violates any other law or

12  regulation.

13  139.   BuildZoom acts and practices alleged above constitute unlawful business acts or practices

14  as they have violated state and federal law in connection with their deceptive pricing scheme.   The

15  Lanham Act prohibits uses of trademarks, trade names, and trade dress that are likely to cause confusion

16  about the source of a product or service.  15 U.S.C. § 1125(a).

17  140.   The violation of any law constitutes an "unlawful" business practice under the UCL.

18  141.   As detailed herein, the acts and practices alleged were intended to or did result in violations

19  of the Lanham Act.

20  142.   BuildZoom's practices, as set forth above, have misled Plaintiff, the proposed Class, and

21  the public in the past and will continue to mislead in the future.  Consequently, BuildZoom's practices

22  constitute an unlawful, fraudulent, and unfair business practice within the meaning of the UCL.

23  143.   BuildZoom's violation of the UCL, through its unlawful, unfair, and fraudulent business

24  practices, are ongoing and present a continuing threat that Class members and the public will be deceived

25  144.   Plaintiff also has standing to challenge Defendants' unfair, unlawful, and fraudulent

26  business practices on behalf of the public pursuant to California Business and Professions Code § 17204,

27  since Defendant's activities have irreparably harmed and, if not enjoined, will continue to irreparably

28  harm Plaintiff and the Class, and their respective marks and have been damaged as a result of such

1    practices.

2    145.    Pursuant to the UCL, Plaintiff is entitled to preliminary and permanent injunctive relief

3    pursuant to California Business and Professions Code § 17204, and order BuildZoom to cease this unfair

4    competition, as well as disgorgement and restitution to Plaintiff and the Class of all BuildZoom's

5    revenues associated with its unfair competition, or such portion of those revenues as the Court may find

6    equitable, and an award of reasonable attorneys' fees pursuant to California Code of Civil Procedure §

7    1021.5 and other applicable law, and an order of costs.

8    **SIXTH CAUSE OF ACTION**
9    **Quasi-Contract; Unjust Enrichment and Restitution**

10    146.    Plaintiff incorporates by reference the foregoing paragraphs.

11    147.    In acting as alleged above, Defendant has knowingly and unjustly enriched itself at the

12    expense of Plaintiff and other Class members in a manner such that allowance of Defendant to retain the

13    benefits that they received would be unjust.

14    148.    Plaintiff and the other Class members are entitled to disgorgement and restitution of the

15    income that Defendants earned from its unlawful and inequitable conduct; an injunction requiring

16    Defendant to refrain from its unlawful activities; an award of attorneys' fees; and an award of costs.

17    149.    As a result of Defendant's aforesaid conduct and in addition to other damages, Plaintiff

18    and the other Class members have suffered the continuing loss of the goodwill and reputation established

19    by their names and marks.  This continuing loss of goodwill cannot be properly calculated and thus

20    constitutes irreparable harm and an injury for Plaintiff and other Class members have no adequate remedy

21    at law.

22    150.    Plaintiff and the other Class members will continue to suffer irreparable harm unless this

23    Court enjoins Defendant's conduct.

24    **SEVENTH CAUSE OF ACTION**
25    **Declaratory Relief, 28 U.S.C. § 2201**

25    151.    Plaintiff incorporates by reference the foregoing paragraphs.

26    152.    An actual controversy, over which this Court has jurisdiction, has arisen and now exists

27    between the parties relating to the legal rights and duties of Plaintiff and Defendant for which Plaintiff

28    desires a declaration of rights.

153.    Plaintiff contends that Defendant's acts, practices, and conduct violate Federal and California law.

154.    Plaintiff, on behalf of itself and the proposed Class, is entitled to a declaration that Defendant violated the Lanham Act, violated the trademarks of businesses who are not Preferred Contractors, violated California Unfair Competition Law, and unjustly enriched itself by misappropriating the trademarks of others in commerce.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that this Court enter judgment as follows:

A.    An order certifying the proposed class, or an alternative class that the Court may find appropriate under Rule 23 of the Federal Rules of Civil Procedure, directing that Plaintiff's claims proceed on a class-wide basis, and appointing Plaintiff and its counsel to represent the class;

B.    An order and/or judgment adjudging and decreeing that Defendant infringed the rights of Plaintiff and the Class's respective Marks by committing acts of infringement and false designation of origin in violation of 15 U.S.C. § 1125;

C.    An order and/or judgment adjudging and decreeing that Defendant's conduct alleged herein infringed the rights of Plaintiff and the Class in their Marks in violation of the common law;

D.    An order and/or judgment adjudging and decreeing that Defendant, its agents, representatives, employees, assigns and suppliers, and all person acting in concert or in privity with them, be preliminary and permanently enjoined, pursuant to but not limited to California Business & Professions Code § 17204 and any and all other causes of action, from the following activities:

a.    Using any of Plaintiff's and Class's Marks, or any other name, mark, designation, or depiction in a manner that is likely to cause confusion regarding whether Defendant or its Preferred Contractors are affiliated or associated with or sponsored by Plaintiff and/or the Class;

b.    Engaging in trademark infringement, false designation of origin, passing off, false advertising, against Plaintiff and/or the Class;

c.    Engaging in the misappropriation of Plaintiff's and/or any of the Class members' Mark rights;

d.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

E.    An order and/or judgment adjudging and decreeing that Defendant engage in corrective advertising to the extent necessary to correct any consumer confusion, or misrepresentations resulting from the unlawful acts complained of above;

F.    An order and/or judgment adjudging and decreeing that Defendant account to Plaintiff and the Class for, and disgorge, all profits it has derived by reason of the deceptive trademark practices and unlawful acts complained of herein;

G.    An order and/or judgment adjudging and decreeing that Defendant pay damages, punitive damages, and/or treble damages under applicable statutes;

H.    An order and/or judgment adjudging and decreeing that Defendant file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and judgement within (30) days after the service of the injunction and judgement upon Defendant;

I.    An order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment interest at the maximum legal rate; and

J.    Such other and further relief as this Court may deem appropriate.

## JURY TRIAL DEMAND

Plaintiff demand a trial by jury on all issues so triable.

DATED: February 28, 2018                          Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

By:  */s/ Laurence D. King*
Laurence D. King (SBN 206423)
Mario M. Choi (SBN 243409)
350 Sansome Street, Suite 400
San Francisco, CA 94104
Telephone:  415-772-4700
Facsimile:  415-772-4707
*lking@kaplanfox.com*
*mchoi@kaplanfox.com*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**KAPLAN FOX & KILSHEIMER LLP**
David A. Straite (*pro hac vice* to be sought)
Ralph E. Labaton (*pro hac vice* to be sought)
850 Third Avenue
New York, NY  10022
Telephone: (212) 687-1980
Facsimile: (212) 687-7714
*dstraite@kaplanfox.com*
*rlabaton@kaplanfox.com*

**WITES LAW FIRM**
Marc A. Wites (*pro hac vice* to be sought)
4400 North Federal Highway
Lighthouse Point, FL  33064
Telephone: (954) 933-4400
Facsimile: (954) 354-0205
*mwites@witeslaw.com*

*Attorneys for Plaintiff Innovative Design Build,
Inc. and the Proposed Class*

CLASS ACTION COMPLAINT                                    Case No. 3:18-cv-01330